IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DANIEL RAY GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:24-CV-00117-Z-BR |
| § | |
| RANDALL COUNTY JAIL, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT AS THREE STRIKES BARRED

This is a civil rights action brought by Daniel Ray Garcia, a Texas inmate appearing *pro se*, pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Randall County Jail in Lubbock, Texas.[1] While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis* indicating he is under imminent danger of serious physical injury. Therefore, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act precludes a prisoner from bringing a civil action *in forma pauperis* if, on three or more prior occasions, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district

---

[1] He claims, however, that his medical care is controlled by the U.S. Marshals Office located in the Amarillo Division and, presumably, alleges that venue is proper here.

1

court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88.

A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis*. A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

> 1. No. 5:19-cv-148 (N.D. Tex.) (dismissed on October 10, 2019, as frivolous and strike noted);
>
> 2. No. 5:21-cv-11 (N.D. Tex.) (dismissed on May 26, 2021, as frivolous and strike noted); and
>
> 3. No. 21-10614 (5th Circuit Court of Appeals) (dismissed on March 3, 2022, as frivolous and strike noted).

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury when he filed this lawsuit. Plaintiff's Complaint alleges that he has a

2

host of existing medical problems such as cancer and an artery problem in his shoulder. He further alleges that he has had a stroke, and he has bled from the rectum when using the restroom. He claims that he is not receiving adequate medical care for these conditions. He further alleges that he is served beans to eat although he is allergic, so he is unable to eat lunch and dinner three times per week. (ECF 3 at 2-3). However, he does not indicate what care he should be receiving but is not, or that he is in "imminent" danger of physical harm.

In order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.; see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Valdez*, 2008 WL 4710808, at *1 (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of

3

misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Garcia's filing falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. However, the allegations Garcia now presents lack any facts to show that he is under such a threat as to overcome Section 1915(g). Garcia, therefore, should be barred from proceeding *in forma pauperis*. *See Adepegba*, 103 F.3d at 388.

The undersigned observes that the period for filing objections to the findings, conclusions, and recommendation affords Garcia an opportunity to present allegations of imminent physical injury sufficient to overcome the "three strikes" bar.

## RECOMMENDATION

For the above reasons, the complaint filed by Plaintiff should be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This recommendation is without prejudice to Plaintiff's right to pay the full filing fee of $405.00 within the time for filing objections to this recommendation or by another deadline established by the Court.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 31, 2024.

                                                                      *signature**

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* **<u>NOTICE OF RIGHT TO OBJECT</u>** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).